R. E. COLLET, Appellant, v. PAUL BEUTLER, Respondent.

No. 1483.    (76 Pac. 707.)

1. Motion for New Trial: Amendments: Discretion of Trial Court.

In an action to recover a loan, the court, after rendering judgment for plaintiff, granted defendant's motion for a new trial and permitted him to file an amended answer which disclosed the fact that the debt was the result of a gambling transaction, whereupon judgment was rendered for defendant. *Held*, that the granting of the new trial and per-

mitting the filing of the amended answer were matters resting in the sound discretion of the trial court and no circumstances appeared to show an abuse of discretion.

2. **Same: Gambling Transaction: Duty of Trial Court.**
Where it appears that a suit is the result of a gambling transaction it is the duty of the lower court to direct the enforcement of the criminal laws as to all tne offenders.

3. **Same: Gambling Debt: Enforcement.**
A court of justice will not aid a ˙gambler in enforcing a claim founded on his own nefarious transactions.

(Decided May 5, 1904.)

Appeal from the Sixth District Court, Sevier County. —*Hon. W. M. McCarty,* Judge.

Action to recover a gambling debt. From a judgment in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*E. E. Hoffman, Esq.,* for appellant.

*Messrs. Erickson & Hayes* and *I. J. Stewart, Esq.,* for respondent.

PER CURIAM.—The plaintiff brought this action to recover $65, which he alleged he loaned to the defendant on December 15, 1901, at Richfield, Utah. The defendant filed an answer denying the allegations of the complaint, and upon the trial judgment was entered in favor of the plaintiff. Thereafter the defendant presented a motion for a new trial, upon the grounds of accident or surprise which ordinary prudence could not have guarded against; newly discovered evidence; and insufficiency of the evidence to justify the decision of the court. At the hearing of this motion the court ordered a new trial, and, upon application therefor, granted the defendant permission to file an amended answer, in which, in addition to denying the allegations of the complaint, it was averred that the claim upon which the suit was based was the result of a gambling

transaction—what is known as a game of "poker," and that the sum sued for represented "poker chips," which were borrowed for the express purpose of playing the game of chance. Upon the issues thus formed the case was again tried and judgment rendered in favor of the defendant, "no cause of action," and for costs. Thereupon the plaintiff prosecuted this appeal from the judgment.

The appellant, it appears, does not claim that any error was committed by the court at the second trial, but it is contended that the court erred in granting a new trial, and in permitting the defendant to amend his answer. This contention, under the facts and circumstances disclosed by the record, is wholly untenable. The granting of a new trial rested within the sound discretion of the court, and there is nothing to show abuse of that discretion in this case. So, it was within such discretion of the court, after the setting aside of the judgment it had rendered, to permit an amendment to the answer, and, upon becoming aware, through the affidavits relating to the newly discovered evidence, and otherwise, of charges that the suit was the result of gambling, whereby both parties were guilty of a violation of law, it became the duty of the court to permit an amendment to the answer, setting forth the nature of the transaction upon which the plaintiff's claim was based. The court was not only justified in allowing the amendment, but when the allegations in the amended answer were shown to be true, it ought to have directed the enforcement of the criminal laws, as to all of the offenders, in addition to the judgment it rendered at the second trial. It is indeed a very bold undertaking for a gambler, a violator of the law and morality, to seek the aid of a court of justice to enforce his claim founded upon his own nefarious transactions. Courts ought not to hesitate to protect society from such individuals.

The judgment herein must be affirmed with costs. It is so ordered.